IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WOUND CARE EDUCATION INSTITUTE, a Wisconsin Corporation, | ) ) ) |
| Plaintiff, | ) Civil Action No. 07 C 6505 ) |
| v. | ) Suzanne B. Conlon, Judge ) |
| NORENE T. THOMAS, d/b/a WOUND CARE PLUS INSTITUTE, | ) ) ) ) |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Wound Care Education Institute ("WCEI") sues Norene T. Thomas, a New York resident and sole proprietor of the Wound Care Plus Institute ("Wound Care Plus"), for trademark infringement and related violations of federal and Illinois law. Thomas moves to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), improper venue under Fed. R. Civ. P. 12(b)(3), and *forum non conveniens*. For the reasons set forth below, the motion is denied.

## BACKGROUND

The following jurisdictional facts are derived from the complaint and other matters outside the pleadings. *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983) (in addition to jurisdictional allegations, the court may consider matters outside the pleadings, such as affidavits submitted by the parties). WCEI is a Wisconsin corporation that provides wound treatment education services to health professionals throughout the United States. The majority of WCEI's employees reside and work in the Northern District of Illinois. WCEI has a federal copyright on its educational workbook and materials.

In 2004, Thomas - a resident of Queens Village, New York – attended three separate WCEI seminars and began Wound Care Plus. Wound Care Plus distributes course materials substantially similar to WCEI's copyrighted materials, including some exact photocopies and identical language. These course materials are passed out to registrants of Wound Care Plus seminars.

Thomas advertises Wound Care Plus seminars in two national nursing magazines: Advance for Nurses and Nursing Spectrum. Pl. Resp. Ex. 1 at 14-17; Ex. 2. WCEI also advertises its seminars in these magazines. Pl. Resp. Ex. 2. Two Wound Care Plus seminars in Chicago were advertised. *Id.* Ex. 1. Thomas hoped that the advertisements would reach Illinois residents. *Id.* at 15. She communicated with at least six hotels and conference centers in Chicago, Illinois to find a location for seminars. *Id.* Ex. 3.

Thomas also created the website www.woundcareplus.net to advertise Wound Care Plus seminars. *Id.* Ex. 1. Two Chicago seminars were advertised on the website, and allowed customers to register online, pay be credit card, and contact Thomas to ask questions. *Id.*

An Illinois resident named Khadijah Jabbar attended a Wound Care Plus seminar in May 2007. *Id.* Jabbar received registration materials by mail in Illinois. *Id.* She paid $1,999.00 to attend the Wound Care Plus seminar, which was scheduled within two months of the date the first Chicago seminar was advertised. *Id.* Ex. 3.

Thomas attests that she has never transacted any business in Illinois, has never conducted a seminar in Illinois, has never entered into any contracts in Illinois, and has never advertised to or targeted Illinois residents. Def. Mot. At 3.

## DISCUSSION

## I. PERSONAL JURISDICTION

### A. Legal Standard

WCEI bears the burden of proving the court has jurisdiction over Thomas. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). The court resolves all factual disputes in WCEI's favor. *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983). WCEI need only make a *prima facie* showing of jurisdiction. *Michael J. Neuman & Assoc., Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724-25 (7th Cir. 1994).

WCEI must show that bringing Thomas to court in this forum satisfies: (1) the requirements of due process, characterized as "traditional notions of fair play and substantial justice;" and (2) that he is amenable to service of process. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *United States v. De Ortiz*, 910 F.2d 376, 381-82 (7th Cir. 1990). Because this is a federal question case, the due process requirement is met if "each party ha[s] sufficient minimum contacts with the United States as a whole rather than [a] particular state." *Olsen v. Jenkens & Gilchrist*, 461 F. Supp. 2d 710, 722 (N.D. Ill. 2006) (citing *De Ortiz*, 910 F.2d at 382). Fed. R. Civ. P. 4(k) governs the court's inquiry regarding service of process. *Id.* Rule 4(k) provides that service is effective to establish jurisdiction over a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." FED. R. CIV. P. 4(k)(1)(A) and (D).

The Illinois long-arm statute contains a "catch-all" provision that "permits its courts to exercise jurisdiction on any basis permitted by the Illinois and United States Constitutions." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 714-15 (7th Cir. 2002) (citing 735 ILCS 5/2-209©); *see also Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World*

3

*Corp.*, 230 F.3d 934, 940 (7th Cir. 2000). There is no "operative difference" between the limits imposed by the Illinois constitution and the federal limits on personal jurisdiction. *Id.* at 715 (citing *RAR*, 107 F.3d at 1276). Accordingly, personal jurisdiction analysis collapses into a federal due process inquiry. *Id.* at 715-16; *Watchworks, Inc. v. Total Time, Inc.*, No. 01 C 5711, 2002 WL 424631, at *4 (N.D. Ill. Mar. 19, 2002) (Lefkow, J.). A finding of personal jurisdiction therefore requires the following:

> [T]he defendant must have minimum contacts with the forum state such that the maintenance of the suit does not offend fair play and substantial justice. Those contacts may not be fortuitous. Instead, the defendant must have purposefully established minimum contacts within the forum State before personal jurisdiction will be found to be reasonable and fair. Crucial to the minimum contacts analysis is a showing that the defendant should reasonably anticipate being haled into court [in the forum State], because the defendant has purposefully avail[ed] itself of the privilege of conducting activities there.

*Id.* at 716 (internal quotations and citations omitted); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985); *International Shoe*, 326 U.S. at 316.

The federal test is met by demonstrating "general" or "specific" personal jurisdiction. *Id.* at 713. General jurisdiction exists if the defendant has "continuous and systematic general business contacts" with the forum state. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003). In determining specific jurisdiction, the court asks whether it is "fundamentally fair" to require the defendant to submit to jurisdiction with "respect to this litigation." *Id.* at 780 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). The most important factor is foreseeability; "that is, whether the defendant could have anticipated being haled into the courts of the state." *Olsen*, 461 F. Supp. 2d at 723. Purposeful

4

availment of the privileges of conducting activities in the state makes the defendant amenable to jurisdiction. *Purdue*, 338 F.3d at 780. In making the determination, courts examine whether a defendant has deliberately engaged in significant activities or created continuing obligations within the forum state. *Id.* at 780-81.

## B.   Specific Jurisdiction

WCEI argues the court has specific jurisdiction over Thomas because she advertised in Illinois, targeted Illinois residents, conducted business with residents of Illinois and committed a tort in Illinois by propagating its infringing materials to Illinois residents. Thomas contends this court lacks specific jurisdiction because she did not engage in any conduct directed toward Illinois nor does she have any contacts with Illinois.

According to WCEI, Thomas flagrantly misstates facts in her motion. Indeed, WCEI proffers evidence that Thomas advertised in magazines distributed in Illinois and knowingly conducted business with an Illinois resident who registered, attended, and paid for a Wound Care Plus seminar. Although it may be true that Thomas did not advertise in Illinois-*only* publications, Thomas advertised Chicago seminars in two *national* publications. She advertised in Illinois and sought to register Illinois customers. By availing herself of the privilege of advertising in Illinois and accepted resulting business, Thomas is subject to jurisdiction here. *See Spinozzi v. ITT Sheraton Corp.*, No. 93 C 0885, 1996 WL 84224, at *2 (N.D. Ill. Feb. 26, 1996) (Gettleman, J.) (business solicitation in Illinois with intent of convincing consumer to purchase advertised product was sufficient to establish jurisdiction).

Wound Care Plus' website is an active website that accepts on-line seminar registrations and payments. A "sliding scale" approach is used to determine the level of interactivity of a

5

website to determine jurisdiction. *Varitalk, LLC v. Lahoti*, No. 07 C 1771, 2007 WL 1576127, at *4-5 (N.D. Ill. May. 30, 2007) (Conlon, J.) (citations omitted). The approach classifies internet activity into three categories. *Id.* An "active" website is one through which the defendant transacts business, for example entering into contracts with users for the sale of goods. *Id.* Personal jurisdiction exists if a defendant operates an active website. *Id.* At the opposite end of the scale is a "passive" website, merely posting information without facilitating communication or interaction. *Id.* Personal jurisdiction does not exist over a defendant who operates a passive website. *Id.; see also Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 550 (7th Cir. 2004).

Thomas's Wound Care Plus website was active and commercial in nature. It provided customers information about seminars, including seminars scheduled in Illinois. The website allowed customers to register online for seminars, with options to pay online via credit card, and users could send questions and messages through the website. Although it is unclear whether any Illinois residents actually registered for a seminar online, at least one Illinois resident knew about Wound Care Plus seminars and paid to attend one. Because Thomas conducted business with an Illinois resident, she is subject to the jurisdiction of an Illinois court. *Cf. School Stuff, Inc. v. School Stuff, Inc.*, No. 00 C 5593, 2001 WL 558050, at *3-4 (N.D. Ill. Ay 21, 2001) (Guzman, J.) (minimal website sale sufficient to confer specific jurisdiction over defendant).

Specific jurisdiction is also present because Thomas allegedly committed a tort in Illinois by providing the infringing workbook to Jabbar (an Illinois resident) and advertising confusingly similar seminars in Illinois. These facts support a reasonable inference that WCEI was injured in Illinois. *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997) (tort occurs where the injury occurs; "the state in which the victim of a tort suffers the injury may entertain a suit

against the accused tortfeasor"); *Ty, Inc. v. Baby Me, Inc.*, No. , 2001 U.S. Dist. LEXIS 5761, at *15-17 (N.D. Ill. Apr. 20, 2001) (jurisdiction proper under the Illinois long arm statute where infringing toy was sold to Illinois resident). WCEI may sue Thomas in Illinois, the state where it was injured, even though she operated her business from New York. *Varitalk*, 2007 WL 1576127, at *4-5 (citations omitted); *Ty, Inc.*, 2001 U.S. Dist. LEXIS 5761, at *16.

Finally, Thomas argues that specific jurisdiction in Illinois is unreasonable. She must "present a compelling case that the presence of some other considerations" renders jurisdiction improper. *Burger King*, 471 U.S. at 477. The court considers Thomas's contacts in light of other considerations to determine if personal jurisdiction comports with "fair play and substantial justice." *Id.* at 476 (quoting *International Shoe*, 326 U.S. at 320). The court may evaluate factors such as the burden on Thomas of litigating in Illinois, Illinois' interest in adjudicating the dispute, WCEI's interest in convenient and effective relief, the judicial system's interest in obtaining the most efficient resolution of WCEI's claims, and the shared interest of the several states in furthering substantive social policies. *Id.* at 477.

Thomas argues litigating in Illinois is a burden and an inconvenience because she resides in New York. However, even if the case were adjudicated in New York, some travel to Illinois would likely be necessary because a number of witnesses are presumably located in Illinois. WCEI has an interest in adjudicating the dispute in Illinois. A majority of its personnel reside and work in Illinois, and the injury is likely to have occurred here. *See, e.g., Varitalk*, 2007 WL 1576127, at *7 (jurisdiction reasonable where plaintiff had interest in litigating dispute in Illinois). Illinois has a strong interest in adjudicating disputes involving the alleged infringement and customer confusion involving its citizens. *See, e.g., School Stuff, Inc.*, 2001 WL 558050, at

*4 (adding that progress in communications and transportation has made the defense of a suit in a foreign tribunal less burdensome); *Ty, Inc.*, 2001 U.S. Dist. LEXIS 5761, at *21. The dispute involves Illinois consumers; at least one Illinois resident paid for and registered for a Wound Care Plus seminar and received an allegedly infringing workbook in Illinois. These factors weigh in favor of exercising personal jurisdiction over Thomas.

## II. IMPROPER VENUE

Thomas argues the case should be dismissed for improper venue. FED. R. CIV. P. 12(b)(3). WCEI bears the burden of establishing that venue is proper. *Nagel v. ADM Investor Servs.*, 995 F. Supp. 837, 843 (N.D. Ill. 1998) (Manning, J.). The court must resolve factual conflicts in the parties' submissions and draw reasonable inferences in WCEI's favor. *Id.* at 843.

In a civil action based on federal question jurisdiction, venue lies in a judicial district where any defendant resides, in which a substantial part of the events or omissions giving rise to the claim occurred, or where any defendant may be found, if there is no other district in which the action may be brought. 28 U.S.C. § 1391. Thomas does not reside in Illinois. WCEI alleges venue is proper in Illinois because a substantial part of the events or omissions giving rise to its claims occurred in Illinois. WCEI alleges Thomas solicited Illinois consumers who were likely confused about the source of Thomas' infringing materials, and that Thomas actively solicited additional consumers in Illinois. Construing these facts in WCEI's favor, venue is proper in the Northern District of Illinois. *Varitalk*, 2007 WL 1576127, at *7.

## III. *FORUM NON CONVENIENS*

Thomas argues the action should be dismissed for *forum non conveniens*. The doctrine is inapplicable to the facts. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct.

8

1184, 1190 (2007) ("[t]he common law doctrine of *forum non conveniens* has continuing application [in federal courts] only in cases where the alternative forum is abroad, and perhaps in rare instances where a state or territorial court serves litigational convenience best" (internal quotation and citation omitted)). The doctrine in a non-foreign context has been replaced by 28 U.S.C. § 1404(a). *Id.* at 1190-91; *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 718-19 (7th Cir. 2002); *Varitalk*, 2007 WL 1576127, at *7.

## CONCLUSION

For the reasons stated above, Thomas's motion to dismiss the complaint is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

June 17, 2008